MORGAN, LEWIS & BOCKIUS LLP
Carrie S. Gonell, SBN 257163
carrie.gonell@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:    +1.714.830.0600
Fax:   +1.714.830.0700

MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, State Bar No. 284832
andrew.frederick@morganlewis.com
Nicole L. Antonopoulos, State Bar No. 306882
nicole.antonopolous@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJDEEP SANDHU, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[San Mateo County Superior Court Case No. 24-CIV-05670]<br><br>[28 U.S.C. §§ 1332, 1441, 1446 and 1453] |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Delta Air Lines, Inc. ("Defendant" or "Delta") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

In support of this removal, Delta states the following:

## I. SUMMARY OF COMPLAINT

1. On September 11, 2024, Plaintiff Rajdeep Sandhu ("Plaintiff") filed an unverified class action complaint in the Superior Court of the State of California, County of San Mateo, entitled *Rajdeep Sandhu v. Delta Air Lines, Inc.*, Case No. 24-CIV-05670 (the "Superior Court action"). The Complaint alleges eight causes of action: (1) failure to pay overtime wages in violation of Labor Code Sections 510 and 1198; (2) failure to pay all wages and minimum wages in violation of Labor Code Sections 221, 223, 1182, 1194, 1197, and 1198; (3) failure to provide compliant meal periods in violation of Labor Code §§ 226.7, 512, and 516, and 1198; (4) failure to provide compliant rest breaks in violation of Labor Code § 226.7, 516, and 1198; (5) failure to provide sick pay at the regular rate in violation of Labor Code Section 246; (6) failure to pay accrued vacation wages in violation of Labor Code Section 227.3, (7) failure to furnish accurate, itemized wage statements in violation of Labor Code § 226(a) and failure to maintain accurate records in violation of Labor Code Section 1174.5; and (8) violations of the Business & Professions Code § 17200, *et seq.*

2. Plaintiff filed his Complaint after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

3. On October 21, 2024, Plaintiff caused the Summons; Complaint; Civil Cover

1  Sheet; Appropriate Dispute Resolution Information Package; Notice of Assignment for All
2  Purposes, Designation as Complex Case, Setting of a Case Management and Trial Setting
3  Conference, and Complex Fees Due; and Clerk's Certificate of Service to be served on Delta's
4  process server by personal service.  True and correct copies of the Summons and Complaint are
5  attached as **Exhibit 1** and the other documents Plaintiff served on Delta are attached as **Exhibit 2**.
6  These documents are incorporated by reference.

7      4.    On November 19, 2024, Delta caused its Answer to the Complaint to be filed with
8  the San Mateo County Superior Court and served on Plaintiff's counsel.  A true and correct copy
9  of Delta's Answer is attached as **Exhibit 3** and is incorporated by reference.

10      5.    Exhibits 1 through 3 constitute all the pleadings, process, and orders served upon
11  or by Delta, or filed, in the Superior Court action.

12  **II.    THE REMOVAL IS TIMELY**

13      6.    This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice
14  of removal in a civil action must be filed within thirty (30) days after service of the summons and
15  complaint.  28 U.S.C. § 1446(b).  Plaintiff served Delta with the Summons and Complaint on
16  October 21, 2024.  Thirty (30) days from October 21, 2024, is November 20, 2024.  Because this
17  Removal is filed on or by November 20, 2024, it is timely.

18      7.    No previous Notice of Removal has been filed or made with this Court for the
19  relief sought herein.

20  **III.    DIVERSITY JURISDICTION EXISTS UNDER CAFA**

21      **A.    The Court Has Original Subject Matter Jurisdiction Under CAFA.**

22      8.    This lawsuit is one over which this Court has original jurisdiction under 28 U.S.C.
23  § 1453 because it is a civil action within the meaning of the Acts of Congress relating to removal
24  of class actions.  *See* 28 U.S.C. § 1453.

25      9.    This action is brought by a putative representative person on behalf of a proposed
26  class of individuals identified as "All persons who have been, or currently are, employed by
27  Defendant and who held, or hold, job positions which Defendant has classified as 'non-exempt'
28  employees in the State of California, at any time since four years prior to filing this action,

through the date judgment is rendered in this action." Compl., ¶ 54(a). As such, this matter is a purported class action as that term is defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B), and 28 U.S.C. § 1453.

10. This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and Delta, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1453.[1] Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

### 1. Diversity of Citizenship Exists.

11. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011).

### (a) Plaintiff Is a Citizen of California.

12. "An individual is a citizen of the state in which he is domiciled . . ." *Boon v.*

---

[1] Delta does not concede and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action and/or representative action. Delta further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

1  *Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

13.  Plaintiff alleges he "… at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California."  Compl., ¶ 9.  Plaintiff does not allege that he was a citizen of any state other than California and there is no indication that Plaintiff is or was a citizen of states other than California at any time relevant to the Complaint.  Thus, Plaintiff is domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

### (b)  Delta Is a Citizen of Georgia and Delaware.

14.  For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Delta is, and at all pertinent times was, a corporation organized and existing under and by virtue of the laws of the State of Delaware.

15.  Currently and prior to and since the commencement of this action, Delta's corporate headquarters and principal place of business are and have been in Atlanta, Georgia.  *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'").  The majority of Delta's executive functions take place in Atlanta, Georgia.  The greater part of Delta's administrative functions (including payroll, legal, and human resources) are in Atlanta, Georgia.  Delta's officers direct, control, and coordinate the corporation's activities in Atlanta, Georgia.  Accordingly, Delta is a citizen of Delaware and Georgia for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

16. Delta is not and, since the commencement of this action, has not been incorporated in California and has not had its headquarters or executive offices based in California.

17. Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of the Defendant, as the named Plaintiff is a citizen of California, while Delta is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Thus, minimal diversity exists.

18. Although Plaintiff has listed 10 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (same).

**2.   The Putative Class Has More than 100 Members.**

19. CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members. During the putative class period of September 12, 2020, through the present, Delta has employed over 100 individuals as non-exempt employees in California. *See* Compl., ¶ 55 (alleging that "… during the class period hundreds of class members have been employed by Defendant as non-exempt employees in the State of California.").

**3.   The Amount in Controversy Requirement Is Satisfied.**

20. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

21. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy

requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

22. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of federal jurisdiction. Sen. Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case.").

23. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a minimum number of meal and rest period violations per class member per pay period. 471 Fed. App'x at 648. Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649.

24. While Delta denies Plaintiff's factual allegations and denies that he or the putative class he purports to represent are entitled to any of the relief Plaintiff has requested in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5,000,000.[2] *Rhoades v. Progressive Casualty Ins., Co.*, 410

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Delta's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Delta maintains that each of Plaintiff's claims is without merit and that Delta is not liable to Plaintiff or any putative class member. In addition, Delta denies that liability or damages can be established on a class-wide basis. Delta specifically

F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

25. The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction. *See, e.g.*, *Banta v. Am. Med. Response Inc.*, No. CV 11-03586 GAF RZX, 2011 WL 2837642, at *1 (C.D. Cal. July 15, 2011) ("Case law recognizes that, even where a pleading is indefinite on its face, a defendant may possess sufficient information allowing it to ascertain that the amount in controversy exceeds the jurisdiction minimum, may remove the action to federal court on that basis, and, if challenged, may present evidence to prove up the existence of removal jurisdiction.").

      **(a)**     **Plaintiff's Wage Statement Claim Places at Least $5,473,500 in Controversy.**

26. In the Seventh Cause of Action, Plaintiff alleges that "Defendant knowingly and intentionally failed to furnish Plaintiff and the members of the Classes with timely, itemized statements in compliance with Labor Code § 226(a) and the applicable IWC Wage order section 6(B)." Compl., ¶ 113. Plaintiff further alleges that "Defendant knowingly and intentionally failed to furnish Plaintiff and members of the Classes with timely, itemized statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual." *Id.*, ¶ 114. Plaintiff seeks "… damages and penalties pursuant to Labor Code § 226(e) for Defendant's violations of Labor Code § 226(a)." *Id.*, ¶ 119.

27. Labor Code section 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial alleged violation and $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an

---

denies that Plaintiff or the putative class have suffered any damages as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

employer knowingly and intentionally fails to provide an accurate, itemized wage statement. Cal. Lab. Code § 226(e). *See also*, Compl., ¶ 114.

28.  There is a one-year statute of limitations on Plaintiff's wage statement claim. *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, at *6 (S.D. Cal. August 9, 2010). Thus, because Plaintiff filed his Complaint on September 11, 2024, the relevant time period for Plaintiff's wage statement claim is September 11, 2023 through the present.

29.  According to its records, Delta employed at least 3,090 putative class members who performed some work and were paid during at least one pay period from September 11, 2023 through August 2024. During this time period, Delta issued wage statements on a bi-weekly basis and issued at least 57,000 wage statements to putative class members, with any individual putative class members receiving no more than 26 wage statements. Assuming the wage statements Delta issued to putative class members violate Labor Code section 226, as Plaintiff alleges, the amount of wage statement penalties in controversy is approximately $5,473,500 ((3,090 total initial pay periods x $50 for the first pay period = $154,500) + ($53,910 total subsequent pay periods x $100 per pay period = $5,319,000) = $5,473,500).

### (b) Plaintiff's Alleged Attorneys' Fees Place at Least $1,368,375 in Controversy.

30.  Plaintiff seeks to recover attorneys' fees in connection with his claim for wage statement penalties. Compl., ¶ 120. Attorneys' fees are properly included in determining the amount in controversy if the law under which the plaintiff has brought suit allows for their recovery. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'").

31. For purposes of class actions, attorneys' fees may be calculated by assuming 25 percent of the potential damages on claims for which attorneys' fees are available. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Here, attorneys' fees are available on wage statement penalties claims, *see* Labor Code § 226(e)(1). The amount in controversy for Plaintiff's wage statement claim is $5,473,500. Therefore, the amount in controversy for attorneys' fees is $1,368,375 ($5,473,500 x 0.25).

**4.     Summary of the Amount Placed in Controversy.**

32. As described above, a reasonable estimate of the amount placed in controversy by Plaintiff's causes of action for wage statement penalties and attorneys' fees exceed $5,000,000:

| Cause of Action | Amount in Controversy |
| --- | --- |
| Failure to Provide Accurate Itemized Wage Statements | $5,473,500 |
| Attorneys' Fees | $1,368,375 |
| **Total** | **$6,841,875** |

33. In addition, Plaintiff seeks recovery for himself and all putative class members for further causes of action, including alleged failures to pay meal/rest period premiums, overtime wages, minimum wages, sick pay at the regular rate, and accrued vacation wages. Each of these claims, if added to the aggregate potential damages, further increases the amount in controversy.

34. Thus, although Delta denies Plaintiff's allegations and theories of maximum recovery, denies that Plaintiff or the putative class he purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all of its defenses, based on Plaintiff's allegations, the amount in controversy on **only one** of Plaintiff's **eight claims** for damages for the putative class members is at least **$6,841,875** and thus exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

35. Therefore, Plaintiff's Complaint exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d).

## IV. THE OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

36. As set forth above, this Notice of Removal is filed within thirty days of service of process on Delta and all process, pleadings, and orders that have been served (or purportedly served) on Delta in this action are attached as Exhibits 1-3.

37. Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1441(a), 1446(a) and 84(c). This action was originally brought in the Superior Court of the State of California, County of San Mateo, and arises in part out of Plaintiff's employment there. Therefore, this is the appropriate Court for removal.

38. As required by 28 U.S.C. § 1446(d), Delta will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of San Mateo.

39. Delta is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.

40. Delta has sought no similar relief.

41. If any question arises as to the propriety of the removal of this action, Delta requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

42. By this Notice of Removal and the exhibits attached hereto and the documents filed concurrently herewith, Delta does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

| | |
|---|---|
| Dated: November 20, 2024 | MORGAN, LEWIS & BOCKIUS LLP |
| | By    */s/ Andrew P. Frederick* |
| | Carrie S. Gonell |
| | Andrew P. Frederick |
| | Nicole L. Antonopoulos |
| | |
| | Attorneys for Defendant |
| | DELTA AIR LINES, INC. |